IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RANDY JOHNSON                                                          PLAINTIFF

vs.                              Civil No. 1:08-cv-01088

WEYERHAEUSER                                                          DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion for Summary Judgment.  ECF No. 14.  Plaintiff

responded to this Motion on October 8, 2010, and this matter is ripe for consideration.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this

Motion to this Court for the purpose of making a report and recommendation.  ECF No. 17.  This

Court held a hearing on this Motion on November 18, 2010.  In accordance with that referral, this

Court enters the following report and recommendation and recommends this Motion be **GRANTED.**

**1. Background[1]**

On September 8, 2010, Defendant filed the present Motion for Summary Judgment.  ECF

No. 14.  With this Motion, Defendant requests that summary judgment be granted against Plaintiff

because Plaintiff has not provided evidence demonstrating a fact issue on his race discrimination

claim.  *See id.*  Plaintiff responded to this Motion on October 8, 2010 and requests that summary

judgment be denied.  *See id.*

Plaintiff was hired by Defendant on August 2, 2006 to work at its Emerson, Arkansas

---

[1] The Background section is taken primarily from the information presented in the pleadings and other
documents filed by the Parties and submitted at the hearing.  To the extent the parties dispute the information as
presented, this Court will so note.  As is required, this Court will construe the facts in a light most favorable to the
nonmovant, Plaintiff.  *See Fletcher v. Burlington N. and Santa Fe Ry. Co.,* 474 F.3d 1121, 1125 (8th Cir. 2007).

plywood mill.  Plaintiff was hired to work as an industrial electrician.  Plaintiff is a person of African-American decent.  On March 14, 2008, after working for Defendant for over a year, Plaintiff was terminated.  Defendant's stated reason for termination was that Plaintiff did not meet the requirements to advance to a Level Three employee within 18 months of his employment.  Based upon the representation of the Parties, it appears Plaintiff was required to advance within this time period in order to continue to be employed with Defendant.  To become a Level Three employee, the following requirements must be met: (1) completion of certain objective standardized examinations after an independent study[2]; and (2) demonstration of on-the-job knowledge and skills learned during the education process in order to be able to perform the expected work efficiently.

Defendant claims Plaintiff did not meet the second requirement and did not demonstrate the requisite on-the-job knowledge and skill.  ECF No. 16.  Because he did not meet this second requirement, Defendant claims Plaintiff was terminated.  *See id.*  Further, at this plywood mill, Defendant and the local labor union had previously entered into a collective bargaining agreement. ECF No. 16-1.  Defendant claims it fully complied with the labor union's collective bargaining agreement in terminating Plaintiff.  ECF No. 16.  Defendant claims it was required to give three written warnings to Plaintiff prior to suspending him, and these written warnings were all given.  *See id.*  Defendant claims it was required to give Plaintiff time after that suspension to demonstrate his ability to perform his job, and Defendant gave Plaintiff ten days to perform the requirements of his job prior to terminating him.  *See id.*

Plaintiff claims he was terminated due to his race in violation of Title VII of the 1964 Civil

---

[2] Time for this independent study was provided after regular working hours, and the employee was compensated for up to four hours weekly of independent study at overtime rates.

Rights Act.  ECF No. 21.  In support of his claim of racial discrimination, Plaintiff has submitted the affidavits of Rosie Kelly who worked in Administration at the Weyerhaeuser plant in Emerson, Arkansas and Marcus Glover who was a supervisor in the production department at the Emerson, Arkansas plant.  ECF No. 22-1. Plaintiff claims these affidavits demonstrate that other similarly situated Caucasian individuals who made the same mistakes he made were not "written up" or terminated as he was.  ECF No. 21.  Plaintiff claims these affidavits demonstrate he was terminated because of his race and not because of his job performance.  *See id.*

## 2. <u>Applicable Law</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case.  Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c)(2).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial.  *Id.* at 324.  A mere scintilla of evidence in support of the non-movant's position is insufficient.  *Anderson,* 477 U.S. at 252.  To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial."  *Parks v. City of Horseshoe Bend,*

3

*Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted).  As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial."  *Id.*

### 3. <u>Discussion</u>

In this case, Plaintiff only claims race discrimination under Title VII of the Civil Rights Act. ECF No. 1.  The *McDonnell Douglas* framework applies to a Title VII case.  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  To establish a *prima facie* case for race discrimination under Title VII, the plaintiff must show: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for his or her position; and (3) the plaintiff suffered an adverse employment action under circumstances permitting an inference that the action was a result of unlawful discrimination.  *See Habib v. Nations Bank,* 279 F.3d 563, 566 (8th Cir. 2001).

Once the plaintiff provides sufficient evidence to demonstrate a fact issue on each element of his or her *prima facie* case, the burden then shifts to the employer to provide a legitimate, non-discriminatory reason for the adverse employment action.  *See id.*  If the employer can provide such a reason, the plaintiff can then succeed only if he or she can demonstrate that the reason offered by the employer was a mere pretext for discrimination.  *See id.*  Further, to establish pretext, a plaintiff can present evidence of disparate treatment between, for example, Caucasian and African-American individuals.[3]  *See EEOC v. Kohler Co. d/b/a Sterling Plumb. Group, Inc.,* 335 F.3d 766, 775-76 (8th

---

[3] The Eighth Circuit has sometimes held that proof that "similarly situated employees who were not members of the protected group were treated different" is an *element* of Plaintiff's *prima facie* case.  *See Gilmore v. AT&T,* 319 F.3d 1042, 1046 (8th Cir. 2003).  Such a holding is inconsistent with other Eighth Circuit cases such as *EEOC v. Kohler Co.,* 335 F.3d 766, 775-76 (8th Cir. 2003).  To give every benefit of the doubt to Plaintiff, this Court will presume such a showing is not an element of Plaintiff's *prima facie* case but, instead, may be used to demonstrate pretext.

Cir. 2003). The standard for establishing disparate treatment is "rigorous" and requires evidence that the individuals were similarly situated in all relevant respects and have "engaged in the same conduct without any mitigating or distinguishing circumstances." *Id.*

In the present action, there is no dispute Plaintiff meets the first requirement of a *prima facie* case of race discrimination. Plaintiff is of African-American descent and is a member of a protected class. The issue in this case is whether Plaintiff has provided sufficient summary judgment evidence to create a fact issue on the second and third requirements of his *prima facie* case and to create a fact issue on pretext. To survive summary judgment motion, Plaintiff must present sufficient evidence on all of these issues in order to demonstrate disputed issues of fact exist for trial. In making this determination the Court has viewed all of the evidence in a light most favorable to Plaintiff.

The second element of a *prima facie* case of race discrimination is that Plaintiff was qualified for his position. Plaintiff has submitted he was an industrial electrician, but he provides no summary judgment evidence that he was, in fact, qualified for the job he was performing. ECF No. 21. Plaintiff instead relies upon the inadequacies of his co-workers to bolster his argument of discrimination. The only claim in this case is that "similarly situated white employees also had poof [poor] performance and simply were not written up." ECF No. 21 at 2. Such a claim is not sufficient to meet this second requirement that Plaintiff be qualified for the position and perform his duties adequately. *See Habib,* 279 F.3d at 566. *See also Whitley v. Peer Review Sys., Inc.,* 221 F.3d 1053, 1055 (8th Cir. 2000) (requiring a showing that the plaintiff was qualified for the position held). Accordingly, because Plaintiff failed to demonstrate a triable issue of fact on this element, summary judgment would be proper in this case based upon this finding alone.

Even assuming Plaintiff could demonstrate a fact issue as to his qualification for the job he

was performing, the third element Plaintiff must establish is that he "suffered an adverse employment action under circumstances permitting an inference that the action was a result of unlawful discrimination." *See Habib,* 279 F.3d at 566. To create this inference, Plaintiff has submitted two affidavits.[4] ECF No. 22-1. One affidavit is from Rosie Kelly, a former employee in Administration at Defendant's plant, and the other affidavit is from Marcus Glover, a former supervisor at Defendant's plant. *See id.* These affidavits purport to provide comparative evidence demonstrating Plaintiff was treated differently than similarly situated Caucasian employees and thereby create an inference that Plaintiff may have been terminated due to his race. ECF No. 21. Ms. Kelly's affidavit references the fact Plaintiff's supervisors closely scrutinized his written exams. ECF No. 22-1. Ms. Kelly also stated that, as compared to the Caucasian employees, "it appeared that Randy Johnson was the only one taking the tests and passing the tests consistently." ECF No. 22-1. However, the affidavit of Ms. Kelly does not detail in what respect Plaintiff was treated differently by Defendant regarding the written tests.

The Court has reviewed Ms. Kelly's affidavit and notes there is no dispute Plaintiff was taking and successfully passing his examinations. Defendant does not even dispute this fact. Instead, Defendants claim Plaintiff was terminated because he did not meet the second requirement of a Level Three employee: "demonstration of on-the-job knowledge and skills learned during the education process in order to be able to perform the expected work efficiently." Thus, her

---

[4] At the hearing in this matter and in his briefing, Plaintiff represented he would provide the testimony of a third individual, Alvin Shelton, if trial on this matter were permitted to proceed. ECF No. 21. While such testimony would be beneficial to consider, unfortunately, since no affidavit or deposition testimony of Alvin Shelton has been submitted with Plaintiff's response, this Court cannot consider his potential testimony or any statements he might make at trial. FED. R. CIV. P. 56(e)(2) (stating a response to a motion for summary judgment must not "rely merely on allegations or denials" but must "by affidavits or as otherwise provided in this rule" set out specific issue that must be tried).

assessment of Plaintiff's treatment as compared to Caucasian employees does not create a fact issue as to whether he was terminated because he did not have "on-the-job knowledge and skills." Indeed, based upon her affidavit, Ms. Kelly can offer no credible evidence regarding Plaintiff's on-the-job performance, nor any difference in treatment between Plaintiff and Caucasian employees offered as similarly situated employees.

In contrast, Mr. Glover worked directly with Plaintiff, and he was a supervisor in Plaintiff's department.[5] In his affidavit, he references several Caucasian employees specifically by name and noted that even though they had made mistakes, they were never "written up" in the same way as Plaintiff for errors they made on the job. ECF No. 22-1. He states the following in his affidavit:

> I observed Randy getting written up and eventually being terminated and Randy was just as good an electrician and, in many instances, better than many of the white employees who were not written up and allowed to continue to work.

ECF No. 22-1. After reviewing this affidavit, and viewing facts in a light most favorable to Plaintiff, this Court finds Mr. Glover's affidavit *may* create a genuine issue of material fact as to whether Plaintiff "suffered an adverse employment action under circumstances permitting an inference that the action was a result of unlawful discrimination."[6] However, the Court does not decide this issue because the legal standard under Eighth Circuit caselaw is unclear. Specifically, it is unclear whether the "rigorous" analysis required to demonstrate pretext through similarly situated individuals is also

---

[5] At least, it appears Mr. Glover was a supervisor in Plaintiff's department. ECF No. 22-1. Plaintiff was employed in the maintenance department, and Mr. Glover stated in his affidavit that he was employed in the same department as Plaintiff. *See id.* However, Mr. Glover also stated he was employed in the "production" department and not in the "maintenance" department. *See id.* This Court, however, construes this inconsistency in favor of Plaintiff and assumes Plaintiff and Mr. Glover were employed in the same department. *See Fletcher,* 474 F.3d at 1125 (holding facts should be viewed in a light most favor to the nonmovant).

[6] Because Plaintiff has not provided evidence creating a fact issue on the second element of his *prima facie* case and no evidence on the issue of pretext, there is no need to reach a decision as to whether Plaintiff has provided sufficient evidence to create an inference of discrimination.

required to create an inference of discrimination. *Compare Gilmore*, 319 F.3d at 1046 with *Kohler Co.,* 335 F.3d at 775-76.

If the Court assumes Plaintiff has demonstrated a fact issue on each element of his *prima facie* case, Defendant then has the duty to provide a legitimate, non-discriminatory reason for termination. *See Habib v. Nations Bank,* 279 F.3d at 566. In this case, Defendant has provided such a reason: Plaintiff was terminated because he did not meet the requirements to advance to a Level Three employee within 18 months of employment. ECF No. 16 at 2. Thus, the burden shifts to Plaintiff to establish that this stated reason was a pretext for discrimination. *See Habib,* 279 F.3d at 566.

In this case, Plaintiff attempts to prove pretext through evidence reflecting disparate treatment of similarly situated employees. As noted above, the standard for establishing disparate treatment to prove pretext is "rigorous" and requires evidence that the individuals were similarly situated in all relevant respects and have "engaged in the same conduct without any mitigating or distinguishing circumstances." *See Kohler Co.,* 335 F.3d at 775-76.

In his affidavit, Mr. Glover provides the names of Caucasian individuals which he viewed to be similarly situated. ECF No. 22-1. Specifically, Mr. Glover stated there were three such individuals: (1) Danny Winfrey, (2) Joey Owens, and (3) John Spence. *Id.* Mr. Glover stated the following regarding Danny Winfrey:

> I particularly recall Danny Winfrey, a white employee, who was also an electrician like Randy Johnson, frequently do work on particular machines and would not pull the fuse. I remember on several occasions in 2009 when he did this and eventually cut the wires which shut down all of the machinery for several hours. I observed Danny Winfrey do this on several occasions and he was not written up for his actions.

*Id.* Mr. Glover stated the following regarding Joey Owens:

Also during my tenure there, I observed Joey Owens, another white employee who was an electrician, who made the same kind of mistakes and other mistakes and was not written up. These things always concerned me because whenever Randy made a mistake that cost time and effort to correct, Randy was written up but the white employees where not written up.

*Id.* Mr. Glover stated the following regarding John Spence:

There was also another employee named John Spence who was a white employee who had the worse attitude of anyone in the work area. John Spence would virtually tell his supervisors of things that he was not going to and was totally insubordinate and yet, was not terminated.

*Id.*

While this affidavit does reference these three individuals by name and provides some information regarding each of them, this affidavit does not establish that these Caucasian employees were similarly situated "without mitigating or distinguishing circumstances." *See Kohler Co.,* 335 F.3d at 775-76. To prove individuals are "similarly situated," "the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct." *Id.* In this affidavit, Mr. Glover did not state that these individuals had the same supervisor[7], had been subject to the same standards, or had engaged in the same conduct as must be demonstrated to show these individuals are "similarly situated." As stated in the affidavit, John Spence had a problem with his attitude. ECF No. 22-1. Such conduct cannot be compared to poor on-the-job performance. *See id.* Mr. Glover stated Joey Owens "made the same kinds of mistakes and other mistakes," but he never stated in his affidavit what specific mistakes either Plaintiff or Mr. Owens made. *See id.*

---

[7] Mr. Glover stated he worked as a "supervisor in the production department," and he stated was in the same department as Plaintiff. He did not state he was a direct supervisor of Plaintiff, Danny Winfrey, Joey Ownes, and John Spence. ECF No. 22-1.

As for Danny Winfrey, Mr. Glover stated he would "frequently do work on particular machines and would not pull the fuse" which "shut down all of the machinery for several hours." *See id.* Viewing facts in a light most favorable to Plaintiff, while such a mistake by Danny Winfrey related to on-the-job performance, such conduct is not the "same" as Plaintiff's conduct. Plaintiff was terminated because he failed to properly advance to become a Level Three employee, not because he made mistakes such as Mr. Winfrey. ECF No. 21-1. Specifically, a representative of Defendant stated Plaintiff did not advance because he had difficulty with "troubleshooting." *See id.* There is no evidence Mr. Winfrey had any difficulty troubleshooting or diagnosing problems such as Plaintiff. Thus, there is no summary judgment evidence before this Court that they "engaged in the same conduct."

Even though he states the names of three Caucasian employees, Mr. Glover's affidavit simply does not provide the specificity necessary to demonstrate those employees were similarly situated with Plaintiff. Thus, because this Court finds no genuine issue of material fact on pretext, summary judgment is proper and should be granted.[8]

## 4. Conclusion

Based upon the foregoing, this Court recommends that Defendant's Motion for Summary Judgment (ECF No. 14) be **GRANTED.**

**Pursuant to the agreement of the Parties, they have ten (10) days from receipt of this Report and Recommendation or until November 29, 2010 in which to file written objections**

---

[8] During the hearing in this matter, Plaintiff's attorney gave a persuasive argument and provided further comparisons between Plaintiff and these three individuals referenced in Mr. Glover's affidavit. However, while persuasive and thoughtful, his arguments cannot be considered evidence in this case. *See Wittenburg v. American Exp. Financial Advisors, Inc.,* 464 F.3d 831, 838 (8th Cir. 2006) (holding that "arguments of counsel are not evidence"). Thus, this Court unfortunately cannot include them in this opinion.

pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 19th day of November, 2010.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

11